David Nickelsburg v. Commissioner.
Nickelsburg v. Commissioner
Docket No. 3045.
United States Tax Court
1945 Tax Ct. Memo LEXIS 333; 4 T.C.M. (CCH) 78; T.C.M. (RIA) 45031; January 23, 1945
*333 Julian G. Culver, Esq., for the petitioner. Bernard J. Long, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the year 1940 in the amount of $3,881.04. Not all of the adjustments are in dispute. The only issue is whether the sum of $7,500 received by petitioner during the taxable year from a corporation of which was president and principal stockholder was a gift or a bonus in the nature of additional compensation for services rendered. Petitioner filed his return for the taxable year with the collector for the third district of New York. Findings of Fact The petitioner is an individual whose principal place of business is in New York City. During the taxable year, he was president of the Fur Merchants Cold Storage Co., Inc., and the Fur Merchants Warehouse Corporation. He had held these offices since 1923. Fur Merchants Cold Storage Co., Inc., is a New York Corporation, organized in March 1919. It is an operating company engaged in the business of managing warehouses for the storage of furs. All of its capital stock is owned by Fur Merchants Corporation. Fur *334 Merchants Warehouse Corporation is a New York Corporation, organized in March 1919. Its income is chiefly derived from the rental of warehouses leased to Fur Merchants Cold Storage Co., Inc., and the receipt of dividends on the capital stock of that company. On May 15, 1940, the issued and outstanding capital stock of Fur Merchants Warehouse Corporation consisted of 4,650 shares of common stock having a par value of $100 a share. Of these outstanding shares, 3,425 were owned by the petitioner, 600 shares were owned by Gustave J. Fuerth & Co., and the balance was owned by nine other stockholders. On May 15, 1940, the directors of Fur Merchants Warehouse Corporation and Fur Merchants Cold Storage Co., Inc., were petitioner, Gustave J. Fuerth, a partner of Gustave J. Fuerth & Co., Benedict Weisz, Benjamin Cohen and Mazwell Zabelle. Cohen and Zabelle were not stockholders of Fur Merchants Warehouse Corporation. From 1928 through 1940, petitioner received a salary of $20,000 a year from Fur Merchants Cold Storage Co., Inc. He received no salary from Fur Merchants Warehouse Corporation, but in 1936, he was paid a bonus of $1,500 by that company. Petitioner was the only officer of Fur *335 Merchants Cold Storage Co., Inc., to receive a salary. A special meeting of the Board of Directors of Fur Merchants Warehouse Corporation was held on May 15, 1940. The following is from the minutes of the meeting: "Thereafter, Mr. David Nickelsburg was asked to leave the meeting, which he did. "At this point, the question of an appropriate expression of the Board's feeling towards the Chairman of the Board, in view of his pending wedding, was taken up for consideration. The members generally felt that a substantial sum of money should be voted Mr. Nickelsburg as a wedding gift, to be used by him for such purposes as he may desire. The members felt that Mr. Nickelsburg's service for the last seventeen years entitled him to a very handsome reward for the very efficient manner in which he conducted the affairs of the company. Accordingly, upon motion duly made by Mr. Benedict Weisz and seconded by Mr. Benjamin C. Cohen and unanimously adopted, it was "RESOLVED, that the sum of $7,500.00 be given to Mr. David Nickelsburg as a wedding gift from the corporation which he has headed since 1923 in recognition of the very efficient manner in which he handled the company's affairs throughout *336 all those years. It was further "RESOLVED, that a copy of the resolution of the Board be appropriately engraved and presented to Mr. Nickelsburg as a memento and as a token of esteem and affection of his co-members of the Board." In filing its Federal income tax return for the taxable year, fur Merchants Warehouse Corporation did not deduct the $7,500 payment to petitioner as an expense of doing business but charged the same to surplus. Its net income for the taxable year was substantially in excess of $7,500. At the special meeting of the directors held on May 15, 1940, Zabelle, who was an accountant and who prepared the income tax returns for petitioner and the corporation described herein, explained the tax consequences of the transaction and advised the directors that the tax savings on a deduction of $7,500 by the corporation would be less than the tax savings to petitioner if that amount were to be included in his income. On his Federal income tax return for the taxable year, petitioner reported the receipt of $7,500 from the Fur Merchants Warehouse Corporation but did not include this amount in his taxable income. The payment of $7,500 by Fur Merchants Warehouse Corporation *337 to petitioner in the taxable year was not a gift but was additional compensation for services rendered. Opinion The only question for determination in this proceeding is whether the payment of $7,500 to petitioner by Fur Merchants Warehouse Corporation in the taxable year was taxable income or a gift. The petitioner contends that it was a gift because the minutes and resolution of May 15, 1940, denominated it as such and because the payment was charged to surplus and not to operating expenses. He argues that the fact that he was president and principal stockholder of the corporation at the time of the payment is immaterial to the issue. Respondent contends that the $7,500 was paid to petitioner in consideration for past services to the corporation, and as such, constitutes taxable income. The principle is well established that a payment may be compensation for services although made voluntary and without legal obligation. ; , certiorari denied ; ; ; *338 , certiorari denied, . Whether a payment in a given case is taxable compensation or a gift exempt from tax depends upon the intention of the parties to be determined from the surrounding facts and circumstances. However, it is an essential characteristic of a gift that it be a transfer without consideration, and if there is any consideration, the transaction is not a gift. ; In this proceeding, we think that the intent of the corporation must be determined by the minutes of the meeting of the corporation's board of directors held on May 15, 1940, and by the resolution passed at that meeting. Although the minutes characterized the payment of $7,500 as a "wedding gift," such characterization is followed by the statement that petitioner's "services for the last seventeen years entitled him to a very handsome reward for the efficient manner in which he conducted the affairs of the company." The resolution also stated that the payment was made "in recognition of the very efficient manner in which he [petitioner] handled the *339 company's affairs throughout all those years." We are convinced under these circumstances the payment was not a gift but was a bonus or additional compensation for services rendered. As stated in the resolution and the minutes, the $7,500 was paid to petitioner in consideration of his previous years of service to the corporation. Since there was such consideration, the payment cannot be denominated a gift. The fact that the minutes and the resolution characterized the payment as a gift is not controlling. In , the resolution of the stockholders and directors of the paying corporation authorized the payment to the taxpayer of $25,000 "as a gift in recognition of his able and successful direction of the affairs of this corporation during the past seven (7) years." It was further directed that the payment be charged to the corporation's surplus account. Nevertheless, the Court was of the opinion that the true nature of the payment was additional compensation in the form of a bonus for past service rendered to the corporation. We are not unmindful of the fact that at the hearing, petitioner's only witness, who was the accountant *340 for the petitioner and the corporation, and also one of the directors present at the meeting of May 15, 1940, testified that the payment was considered by the directors as a gift. However, his recollection of the events which transpired at the meeting was not fresh and his testimony was not convincing. We think the minutes of the meeting and the resolution, which were coincident in time with the payment, more accurately reflected the attitude and intent of the corporation. It is also worthy of note that the stockholders of Fur Merchants Warehouse Corporation never authorized the payment to petitioner, nor did they ratify the act of the directors in making the payment. It is a rule of general application that directors may not give away corporate assets and where their action in making a payment of corporate funds is, to say the least, ambiguous, it must be presumed that the payment was not a gift. ; ; ; . Respondent, in determining the deficiency, took the position that the $7,500 constituted compensation *341 for services. It was part of petitioner's burden of proof to show that the receipt of the sum in question could not be construed to be compensation for services. In short, petitioner had a negative point to prove, namely, that he had not performed any services for the Warehouse Corporation during the period from 1923 through 1940. Petitioner did not undertake to establish such negative fact. On the other hand, the minutes of the meeting held on May 15, 1940, use terms which suggest that petitioner had rendered services to the corporation during the above period, to wit: "The members felt that Mr. Nickelsburg's services for the last seventeen years entitled him to a very handsome reward for the very efficient manner in which he conducted the affairs of the company." The fact that the payment was charged to surplus rather than to income, is not of itself controlling, but is merely one of the factors which enter into the consideration of the question. Cf. , ; In this connection, it is significant that the accountant advised the directors at the meeting *342 of May 15, 1940, that the deduction would be less beneficial to the corporation than the inclusion of the $7,500 in petitioner's income. Under the facts of this case, where petitioner was the chief officer and principal stockholder of the corporation, the language used by the Court in , might well be used here: "To call such a transaction a gift would do violence to the well-understood meaning of that word; and to hold that gains and profits realized in this manner are not subject to taxation as income would open the door to the grossest evasions of the law." Respondent's determination is sustained. Accordingly, Decision will be entered for respondent.